This action was brought under, and involves a construction of the first section of the statute, entitled "special provisions relating to certain corporations," to recover the penalty there prescribed, of the defendant, for withholding the books of the corporation from the inspection and examination of the testator, who was a stockholder therein.
The section provides that the book or books of any incorporated company, of the state in which the transfer of stock shall be registered, and the books containing the names of the stockholders, shall at all reasonable times, during the usual hours of transacting business, be open for the examination of every stockholder, for thirty days previous to the election of directors, and if any officer having charge of such books shall, upon demand by any stockholder, refuse or neglect *Page 566 
to exhibit said books, or submit them to examination as aforesaid, he shall forfeit for every offence $250, one-half to the people, the other to him who will sue for the same, c.
It was proved on the trial, or evidence was given tending to prove, that the defendant had the custody of the books of this corporation; that the plaintiff's testator was a stockholder; that within the thirty days mentioned in the act, he requested that he might be permitted to examine, and take from, the register a list of the stockholders; that the defendant was willing that he should examine the books, but refused to permit him to make a list of the stockholders, or make any memorandum from the books of the corporation.
The judge charged that the plaintiff as a stockholder, had a right not only to inspect the books containing the names of the stockholders, but to take copies of the names, and that by refusing to permit the plaintiff to do this, the defendant incurred the penalty.
I think that the charge of the learned judge was correct. The defendant was bound to submit the register to the examination of the plaintiff's testator, during the usual hours for the transaction of business. His refusal was not put upon the ground that the examination was for an unreasonable time, but for an unreasonable purpose, namely, to take a copy of the names of the stockholders. The officer having the custody of the books is not constituted by the act a judge of the motives of the stockholder, in making his inspection, or of the precise manner in which it shall be conducted; nor of the purpose which the information thus obtained shall be made to subserve (12 Wend. 183.) The statute confers on each stockholder the right to examine, and it does not authorize the custodian to close the books because the stockholder, in the progress of his examination, may make a memorandum to aid his memory, either with a view to secure his own rights, or to the proper execution of his duty at an approaching election of officers.
The defendant by his conduct said to the plaintiff, substantially, *Page 567 
"You as a stockholder may inspect the books, but you "shall not, by any memorandum, make the information they "contain available."
The judgment of the superior court should, I think, be affirmed.