The Western Union Telegraph Co. v. Lindley.

———————

THE WESTERN UNION TELEGRAPH CO. v. LINDLEY.

TELEGRAPH COMPANY.—*Process.—Service on Agent.—Sheriff's Return.*—In an action against a telegraph company, the summons was returned served "by reading to and in the hearing of" A. B. "and by delivering into his hands a true copy," "he being the agent" of the defendant at a place named, within the county, and "there being no higher officer found within my bailiwick."

*Held,* that the service was sufficient.

SAME.—*Action for Failure to Deliver Message.— Defence.*— In an action against a telegraph company, to recover the statutory penalty for failing to deliver a message, the fact that the person to whom it was addressed did not live within the specified distance from the telegraph station to which it was sent, is matter of defence.

SAME.—Under the statute of this. State, 1 R. S. 1876, p. 868, in relation to telegraph companies, it is the duty of a telegraph company to transmit a message, not merely to the telegraph station, but to the person, addressed.

SAME.—*Attempted Delivery on Sunday, or After Business Hours.*— An attempt to deliver a message after business hours, or on Sunday, is no excuse for a failure to deliver.

From the Monroe Circuit Court.

*J. H. Louden* and *R. W. Miers,* for appellant.

*J. F. Pittman, J. W. Buskirk* and *H. C. Duncan,* for appellee.

Howk, C. J.—In this action the appellee sued the appellant in a complaint of a single paragraph, in which he alleged, in substance, that the appellant was a duly organized corporation, and was, at the time hereinafter mentioned, and had since remained, the owner and operator of an electric telegraph, with a line of wire running from Louisville, Kentucky, to Bloomington, Indiana, and passing through the counties of Floyd, Washington, Orange, Lawrence and Monroe, Indiana, and was then and there engaged in telegraphing for the public; that, on the 27th day of May, 1876, the appellee placed in the hands of the appellant's agent, in Bloomington, Indiana, the following message, to wit:

"Bloomington, Ind., May 27th, 1876.
"To Arthur Peter & Co., Louisville, Ky.:
"Send Dr. Dodd some vaccine matter, by first mail, to Clear Creek, Indiana.
(Signed,)    "Hiram Lindley;"
that said message was left at the office of the appellant, with its agent, in Bloomington, Indiana, during usual business hours, and was to be transmitted and delivered to said Arthur Peter & Co., at Louisville, Ky., without delay, the appellee paying in advance for the transmission and delivery of said message the sum of sixty cents, the sum demanded by the appellant's agent at the time the appellee delivered said message for transmission and delivery; that the appellant, without cause, wrongfully and wholly failed and refused to transmit and deliver said message at all, to the appellee's damage in the statutory penalty of one hundred dollars, which was due and unpaid. Wherefore, etc.

The appellant appeared specially and moved the court to set aside the service of the summons issued for the appellant to appear and answer in this action, which motion was overruled, and to this ruling the appellant excepted and filed its bill of exceptions.

The appellant demurred to the appellee's complaint, for the alleged want of sufficient facts therein to constitute a cause of action, which demurrer was overruled, and to this decision the appellant excepted.

The appellant then answered in two paragraphs, in each of which it alleged affirmative matters, by way of defence.

To each of said paragraphs of answer, the appellee demurred for the alleged insufficiency of the facts therein to constitute a defence to his action, which demurrer was sustained as to each of said paragraphs, and to each of said decisions the appellant excepted, and, failing and refusing to answer further, judgment was rendered for the appellee, and against the appellant, for said penalty of one hundred dollars, and the costs of suit.

In this court the following decisions of the circuit court have been assigned by the appellant as alleged errors:

1. In overruling its motion, on special appearance, to set aside the service of the summons issued in this action;

2. In overruling its demurrer to the appellee's complaint; and,

3. In sustaining the appellee's demurrer to the appellant's answer.

We will consider these alleged errors in their order, and decide the questions thereby presented.

1. Upon the filing of the appellee's complaint in the court below, the clerk thereof issued a summons, in the ordinary form, for the appellant to appear and answer said complaint, which summons was directed to the sheriff of Monroe county. On this summons the sheriff of said county made the following return, to wit:

"Served this writ by reading to and in the hearing of John Crafton, and by delivering into his hands a true copy hereof, he being the agent for the Western Union Telegraph Company, at Bloomington, Monroe county, Indiana,

there being no higher officer found within my bailiwick, this January 10th, 1877.

(Signed,)          " W. M. ALEXANDER,
                      " Sheriff Monroe county, Ind."

In section 36 of the practice act it is provided, that " The process against a corporation may be served on the president, presiding officer, mayor, chairman of the board of trustees, or if its chief officer is not found in the county, then upon its cashier, treasurer, secretary, clerk, general or special agent," etc. 2 R. S. 1876, p. 48. It is said by the appellant's counsel, that " an agent is not an officer of the company." If this is so, then the sheriff's return, that he found " no higher officer" than the agent, was equivalent to a return that he found no officer of the company, and therefore served the summons on the appellant's agent. We think that the service was sufficient.

2. It is evident, from the averments of the appellee's complaint, that his action was founded upon the provisions of the 1st section of " An act to regulate electric telegraph companies," approved May 13th, 1852. In this 1st section it was and is provided, " That every electric telegraph company, with a line of wires wholly or partly in this State, and engaged in telegraphing for the public, shall, during the usual office hours, receive dispatches, whether from other telegraphic lines or from individuals; and, on payment or tender of the usual charge, according to the regulations of such company, shall transmit the same with impartiality and in good faith, and in the order of time in which they are received, under penalty, in case of failure to transmit, or if postponed out of such order, of one hundred dollars, to be recovered by the person whose dispatch is neglected or postponed." 1 R. S. 1876, p. 868.

It is insisted by the appellant's counsel, as we understand their argument of this cause, in this court, that the appellee's complaint is insufficient on the demurrer thereto, in

this, that there is no averment in said complaint, "that Arthur Peter & Co. resided in the city of Louisville, or within one mile of the station." This objection is founded upon the provisions of section 3 of the above entitled act, that "Such companies shall deliver all dispatches, by a messenger, to the persons to whom the same are addressed, or to their agents, on payment of any charges due for the same: *Provided,* Such persons or agents reside within one mile of the telegraphic station, or within the city or town in which such station is." 1 R. S. 1876, p. 868.

It is clear, we think, that the appellant's objection to the complaint is not well taken. If Arthur Peter & Co., or their agents, had not resided in the city of Louisville, or within one mile of the telegraphic station of Louisville, such fact might have excused the appellant from delivering the dispatch by a messenger, but it would have been a matter of defence for the appellant to allege and prove on the trial. The law required that the appellant should deliver, by a messenger, all dispatches to the persons to whom the same were addressed, or to their agents; but in the proviso it was declared that the existence of a certain fact should excuse such delivery. If such fact existed, it was purely matter of defence, and should have been pleaded by the appellant, in its answer. We think, therefore, that the appellant's demurrer to the appellee's complaint in this case was properly overruled.

3. In the first paragraph of its answer, as to the statutory penalty of one hundred dollars, the appellant admitted, that, on the 27th day of May, 1876, the appellee delivered to the appellant's duly authorized agent at Bloomington, Indiana, the message set out in the appellee's complaint, and the appellant alleged, that, upon the receipt of said message by its said agent at Bloomington, the same was immediately transmitted to Louisville, Kentucky, and received by the agent of the appellant at its office in said

city of Louisville, in a few moments after the same came .to the hands of said agent in Bloomington, Indiana, but the same was not immediately delivered to said Arthur Peter & Co., but was retained in the appellant's office in said city of Louisville. Wherefore the appellant said that said message was duly transmitted, and the appellee was not entitled to recover said penalty.

The theory of this paragraph of answer is, that the appellant had fully complied with the requirements of the statute by the simple transmission of the message set out in appellee's complaint from the appellant's office in Bloomington, Indiana, to its office in Louisville, Kentucky. This .theory is in direct conflict with the plain letter of the statute. The contract of an electric telegraph company, in the receipt of a message, is the transmission of the same, not merely from one place to another, but from the person by whom it was sent. to the person to whom it was addressed; and this is what the statute requires of such company. There is no possible room for any other or different construction of the statute.

The appellee's demurrer to this paragraph of answer was correctly sustained. *The Western Union Telegraph Co.* v. *Fenton*, 52 Ind. 1.

The second paragraph of the answer sets up substantially the same matters which are stated in said first paragraph; and, in addition thereto, it was alleged in said second paragraph, that the appellant's agent in said city of Louisville, upon his receipt of said message, immediately took the same to the business house of said Arthur Peter & Co., but it being in the evening, after the close of business hours, the house was closed, and no one could be found on or about the premises; and that on the next day, being the first day of the week, commonly called Sunday, the said agent again took the said message to said business house of Arthur Peter & Co., but it was still closed, and

they could not be found on or about said premises at that time, and no further attempt was made by the appellant to deliver said message.

It is very clear, we think, that the excuses, alleged by the appellant in said second paragraph of answer, for the non-delivery of said message, were wholly insufficient. The unsuccessful attempts of the appellant's agent to deliver said message at the business house of Arthur Peter & Co., either on Saturday night, after the close of business hours, or on Sunday, when there are not or should not be any business hours, certainly afforded no reasonable excuse for the non-delivery of, or for the want of an effort to deliver, the said message during business hours of the succeeding Monday.

We think that the demurrer to this paragraph of answer was properly sustained.

We find no error in the record.

The judgment is affirmed, at the appellant's costs.