Western Union Telegraph Company *v.* Gougar *et al.*

No. 9486.

WESTERN UNION TELEGRAPH COMPANY *v.* GOUGAR ET AL.

TELEGRAPH COMPANY.—*Failure to Transmit Message.*—*Penalty.*—*Negligence.*
—*Complaint.*—A complaint against a telegraph company to recover the
penalty provided by section 4176, R. S. 1881, for failure to transmit a
message, need not negative the exceptions in the proviso, nor any fact
of excuse; these must come from the defence.

SAME.—*Delivery.*—A failure to deliver a telegram is, under the statute, a
failure to transmit it.

SAME.—*Statute Construed.*—The statute, R. S. 1881, section 4176, will not be
extended by construction, but is to be reasonably and equitably construed
so as not to defeat its intention and fair enforcement.

From the Tippecanoe Circuit Court.

*J. A. Stein* and *G. W. Collins,* for appellant.

*J. D. Gougar* and *W. D. Wallace,* for appellees.

BICKNELL, C. C.—This was an action by the appellees to
recover from the appellant the statutory penalty for a failure
to transmit a telegram in proper time.

The statute is as follows:

"Every electric telegraph company, with a line of wires
wholly or partly in this State, and engaged in telegraphing
for the public, shall, during the usual office hours, receive dis-
patches, whether from other telegraphic lines or from indi-
viduals; and, on payment or tender of the usual charge, ac-
cording to the regulations of such company, shall transmit the
same with impartiality and good faith, and in the order of time
in which they are received, under penalty, in case of failure
to transmit, or if postponed out of such order, of $100, to be
recovered by the person whose dispatch is neglected or post-
poned: *Provided, however,* That arrangements may be made
with the publishers of newspapers for the transmission of in-
telligence of general and public interest out of its order, and
that communications for and from officers of justice shall take
precedence of all others." 1 R. S. 1876, p. 868, section 1.

Section 3 of said chapter provides, that such dispatches shall

be delivered to the persons addressed, or their agents, by messenger, provided such persons or agents reside within one mile of the telegraphic station, or within the city or town in which such station is.

The complaint was in two paragraphs, to each of which the defendant demurred for want of facts sufficient, etc.; the demurrers were overruled; the defendant answered by general denials; the issues were tried by the court, whose finding was for the plaintiff for the statutory penalty.

The defendant's motion for a new trial was overruled; judgment was rendered upon the finding, and the defendant appealed. Errors are assigned by the appellant as follows:

1. Overruling the demurrers.

2. Overruling the motion for a new trial.

The appellant claims that the statute is penal, to be construed strictly, and not to be extended by liberal construction, and that the complaint should have averred:

1st. That the defendant failed to transmit " with impartiality and good faith."

2d. That the defendant failed to transmit the message "in the order of time in which it was received."

3d. That the company had no arrangements with publishers of newspapers for the transmission of intelligence of general and public interest, and had no such matter and no communications for and from officers of justice then on hand for transmission.

This court has decided, that the said statute, being penal, can not be extended by liberal construction, *Rogers* v. *Western U. Tel. Co.*, 78 Ind. 169; but all statutes must have a reasonable construction, such as will not defeat the plain intention of the Legislature, *Western U. Tel. Co.* v. *Hamilton*, 50 Ind. 181; and it has been held that although a statute provide a penalty, yet if it be beneficial generally, it may be construed equitably. *Sickles* v. *Sharp*, 13 Johns. 497; *Cotheal* v. *Brouwer*, 5 N. Y. 562.

The statute under consideration governs corporations which exercise powers affecting the public generally; the regulation of such powers is a matter of public concern; the statute is. beneficial generally, and ought to be fairly enforced.

It has been so enforced by this court.    In the *Western U. Tel. Co.* v. *Ward*, 23 Ind. 377, it was urged that the court below had erred in refusing to instruct the jury that the plaintiff must prove that the defendant did not transmit the message with impartiality and good faith, and that mere negligence and delay would not entitle the plaintiff to recover without proof of bad faith or postponement of the message out of its, order.    The court had refused so to instruct, and had told the jury, that upon a message received and paid for, to be sent immediately, and not so sent, the company would be liable for the penalty unless it could show that the dispatch was postponed because of some derangement of the wires, or in consequence of the transmission of intelligence of general and public interest, or communications for and from officers of justice.    This court sustained the action of the court below, declaring thereby, in substance, that the company is liable upon a failure to transmit a message promptly, and that the exculpatory matters set forth in the statute need not be mentioned in the complaint, although available for the defence.

So, in *Western U. Tel. Co.* v. *Lewelling*, 58 Ind. 367, a complaint was held good which contained none of the averments here insisted upon by the appellant as necessary; and a like complaint was held good on demurrer in *Western U. Tel. Co.* v. *Lindley*, 62 Ind. 371.   See, also, *Western U. Tel. Co.* v. *Meek*, 49 Ind. 53, and *Western U. Tel. Co.* v. *Buchanan*, 35. Ind. 429 (9 Am. R. 744).

The foregoing authorities show that the negative averments now under consideration were not necessary in the complaint.

The appellant urges, also, in support of its demurrers, that the complaint is bad because it does not show a failure to "transmit," but only a failure to deliver.   The ruling in Indiana is that a message not delivered is not transmitted; the

law means not merely that the message shall be started, but that it shall reach the person addressed—it must be delivered to him—and that delivery is a part of the transmission. *Western U. Tel. Co.* v. *Lindley, supra.* There was no error in overruling the demurrers.

The only reason assigned for a new trial is that the finding was not sustained by sufficient evidence.

It was proved that the message was paid for and left in the defendant's office in Lafayette, on November 27th, at about 5 o'clock P. M., to be transmitted promptly to Mrs. Balch, at Frankfort, Indiana. It was as follows:

"LAFAYETTE, IND., Nov. 27, 1880.
"To Mrs. M. E. Balch, Frankfort:

"Will be there. Subject: Woman, in the home and in the State.                    HELEN M. GOUGAR."

The message reached Frankfort at 5:10 P. M., and in five minutes was written out and in the hands of a messenger.

Mrs. Balch then lived, and for a year last past had lived, on Christian Ridge, in the suburbs of Frankfort, and about three-fourths of a mile from the defendants' telegraphic station in Frankfort. She was known as a temperance lecturer there. She had been talking of moving to another residence, but had determined not to move. The defendant's manager at the station had heard that she intended to move, and he told the messenger that she had moved, or that he thought she had moved, and that if, upon enquiry, he should be directed to her former residence, he need not go there.

The messenger, a boy seventeen years old, enquired of eight or ten persons, some of whom told him Mrs. Balch lived on Christian Ridge, and some that she had moved from that residence; he came back without going there; he started out again, and again was told that she lived or had lived on Christian Ridge; he did not find her, but he did not go to Christian Ridge to enquire. The next morning, on further enquiry, he was told the same, but still did not go to

Christian Ridge to enquire.    At 2 o'clock P. M. he took the message to Blue Ribbon Hall, and there enquired; somebody told him Mrs. Balch lived, as he thought, on Christian Ridge; he then left the message with the janitor of Blue Ribbon Hall, from whom Mrs. Balch, when she came to the hall, received it, twenty-two hours after it reached Frankfort, and too late to accomplish its object.

This evidence tended to support the finding, and, in such a case, the finding can not be disturbed by this court.    The judgment of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellant.

Petition for a rehearing overruled.