No. 10,414.

## WESTERN UNION TELEGRAPH COMPANY *v*. ROBERTS.

TELEGRAPH COMPANY.—*Failure to Transmit Message.—Complaint.—Demurrer.* —In a suit against a telegraph company to recover the penalty prescribed in section 4176, R. S. 1881, the complaint will be sufficient to withstand a demurrer thereto for the want of facts, if it show that the defendant is an electric telegraph company, with a line of wires wholly or partly in this State, and is engaged in telegraphing for the public, and that it has failed, during its usual office hours, upon the payment or tender of its usual charge, to receive from the plaintiff a despatch, and to transmit the same with impartiality and good faith, and in its proper order.

SAME.—*Penal and Beneficial Statute.—Rule of Construction.*—The statute, though penal, is beneficial to the public, and, while it may not be extended by construction, yet it ought to be fairly enforced.

From the Benton Circuit Court.

*J. A. Stein* and *G. W. Collins*, for appellant.

*M. H. Walker* and *I. H. Phares*, for appellee.

HOWK, J.—This was a suit by the appellee against the appellant to recover the statutory penalty prescribed in section 4176, R. S. 1881, in force at the time, for its failure to transmit a certain message. The trial of the cause by the court resulted in a finding and judgment for the appellee for the amount of the penalty.

The only error complained of in argument, by the appellant's counsel, is the overruling of its demurrer, for the want of sufficient facts, to appellee's complaint.     In discussing this error, counsel say: "We think the demurrer should have been sustained, as we are of the opinion that the averments are not sufficiently specific to show that the company was an electric telegraph company that had a line of wires wholly or partly within this State, and doing business for the public for hire.     We refer the court to the case of *Western Union Tel. Co.* v. *Axtell*, 69 Ind. 199.     We rest, relying on this decision for the reversal of the judgment below.     This being a penal case, we contend that the pleading should be construed strictly ; that, unless the plaintiff brings himself clearly within the letter of the law he can not prevail."

This is the only point made by the appellant's counsel in their brief of this cause, and, upon this point, we have quoted their entire argument.     It seems to us that the averments of appellee's complaint are clear and specific upon the point suggested.     It is alleged in the complaint, "that said defendant, on and before the 17th day of September, 1881, and ever since that time, was and is an electric telegraph company, duly organized as a corporation, and was, on the 17th day of September, 1881, and ever since that time, engaged in the business of transmitting telegraphic messages and despatches for the public; that it was, on said 17th day of September, 1881, operating a telegraph office in the town of Kentland, Newton county, Indiana, and another in the town of Oxford, Benton county, Indiana ; that said defendant was the owner and operator of a line of wires, on said 17th day of September, 1881, extending to and through each of said points," * * * * * · and "that said plaintiff paid in advance, for the transmission of said message, the sum of twenty-five cents, which was the usual charge for sending like messages to and from said points, and which sum was the amount demanded by the defendant's agent at said Kentland, Indiana, for the transmission of said message, according to the regulations of said defendant."

From these allegations of appellee's complaint, it is manifest, we think, that the only objection thereto, pointed out by the appellant's counsel, is not well taken and can not be sustained. It is true that the statute is penal, and that, for this reason, its provisions ought not to be extended by construction; but, in the case at bar, we are of opinion that the appellee has brought himself, in the language of counsel, "clearly within the letter of the law." In the recent case of *Western Union Telegraph Co.* v. *Gougar*, 84 Ind. 176, it was said: "The statute under consideration governs corporations which exercise powers affecting the public generally; the regulation of such powers is a matter of public concern; the statute is beneficial generally, and ought to be fairly enforced."

We have found no error in the record of this cause.

The judgment is affirmed, with costs and ten per centum damages.