No. 10,041.

CARNAHAN v. THE WESTERN UNION TELEGRAPH COMPANY.

TELEGRAPH COMPANY.—*Failure to Transmit Message.—Penal Statutes.—Conflict of Laws.*—The statute (R. S. 1881, section 4176), giving a right to recover a penalty for failure of a telegraph company to transmit a message as required, has no extra-territorial force, and, therefore, is not applicable where the contract was made at an office in another State to send the message to this State.

From the Benton Circuit Court.

*M. H. Walker* and *I. H. Phares*, for appellant.

*J. A. Stein* and *G. W. Collins*, for appellee.

ELLIOTT, J.—Appellant's complaint alleges that the appellee was engaged " in telegraphing for the public," with a line of wires extending through the State of Illinois and into the State of Indiana; that it had an office at Fairbury, Illinois, and one at Oxford, Indiana; that, on the 21st day of May, 1881, appellant placed in the hands of appellee's agent at Fairbury a message addressed to Walter Carnahan, at Oxford, which message the appellee undertook, in consideration of twenty-five cents paid by appellant, to transmit; that the person to whom the message was addressed lived within less than one mile of the Oxford office, and that the appellee " wholly failed to transmit the message."

The court below held the complaint not sufficient to entitle the appellant to recover the statutory penalty imposed upon telegraph companies for neglect of duty.

The allegations of the complaint show that the corporation is a telegraph company, with lines extending into this State. The pleading is clumsily drawn, but it is sufficiently certain on this point to repel a demurrer. *Western Union Tel. Co.* v. *Gougar,* 84 Ind. 176; *Western Union Tel. Co.* v. *Roberts,* 87 Ind. 377.

The action is for the recovery of a statutory penalty, and not for damages for a breach of contract. The right which the appellant seeks to enforce is the recovery of a penalty prescribed by statute for a breach of duty, and is, therefore, a right existing solely by virtue of statute. Statutes prescribing penalties have no force beyond the territorial limits of the State by which they were enacted. It is quite clear that our statute can not apply to acts done in Illinois. *Buckles* v. *Ellers,* 72 Ind. 220 (37 Am. R. 156); *Vandeventer* v. *New York, etc., R. R. Co.,* 27 Barb. 244; *Whitford* v. *Panama, etc., R. R. Co.,* 23 N. Y. 465; *Richardson* v. *New York, etc., R. R. Co.,* 98 Mass. 85; *Woodard* v. *Michigan, etc., R. R. Co.,* 10 Ohio St. 121. If the neglect of duty is to be regarded as having been committed in our sister State, then it is manifest that the action will not lie.

The right to recover the statutory penalty rests upon the ground that there is a valid contract. *Rogers* v. *W. U. Tel. Co.,* 78 Ind. 169 (41 Am. R. 558). It can not be contended, with any plausibility, that one who has no contract can collect the penalty, for the letter and the spirit of the statute plainly forbid such a conclusion. If there must be a contract, then it follows that the breach of duty occurs where the contract is made, and this we take to·be the rule pronounced by our decisions, although appellant cites them as supporting his contention. In *Western Union Tel. Co.* v. *Hamilton,* 50 Ind. 181, it was held that the sender of a message delivered at an office in this State might recover the penalty, although all acts were rightly performed here and the wrong committed in Illinois. It was said in that case: " It is wholly immaterial where the act or omission occurred, whether at the office where it was received,

at some intermediate point, or at the office to which it was sent. The contract can not in such case be said to have been violated at one place any more than at another. It is violated everywhere because it is performed nowhere." The logical deduction from this is that the right accrues at the time and place of delivering the message for transmission, and that it is this act which lies at the foundation of the right to insist upon the statutory remedy for a breach of duty. In the case of *Western Union Tel. Co.* v. *Lindley*, 62 Ind. 371, the message was delivered at an office in this State to be transmitted to Louisville, Kentucky, and it was held that the sender might recover the penalty although the only wrongful act was committed at the Louisville office. In the case cited it was said of a pleading filed in the case : "The theory of this paragraph of the answer is, that the appellant had fully complied with the requirements of the statute by the simple transmission of the message set out in the appellee's complaint from the appellant's office in Bloomington, Indiana, to its office in Louisville, Kentucky. This theory is in direct conflict with the plain letter of the statute. The contract of an electric telegraph company, in the receipt of a message, is the transmission of the same, not merely from one place to another, but from the person by whom it was sent to the person to whom it was addressed ; and this is what the statute requires of such company." Carrying this doctrine to its legitimate extent leads to the conclusion that our statute applies only to cases where the message is received at an office in this State.

Unless we adopt the view that the statute only applies to contracts made in this State, we shall be involved in endless difficulty. Any other rule would make the telegraph company amenable to different punishments for the same wrong, for it is quite clear that if the wrong is punishable by the law of the place where the contract is made, it would be no answer to a prosecution there to plead a judgment rendered in another forum and under a different law. So, too, if we take a different view than that indicated, we should be compelled to

hold that the sender of a message from an office in Canada might come to our State and recover the penalty, although his sole contract with the corporation .was made in a foreign country.

It is to be observed that we are ·not dealing with an action for a breach of contract, nor with a civil action for damages resulting from a tort, but are concerned solely with a proceeding to recover a purely statutory penalty. It is well known that very different rules apply to actions for the vindication of rights recognized by the common law, from those prevailing in cases where the recovery of a statutory penalty is sought.

Judgment affirmed.