The following opinion was delivered at special term :
Ingraham, J.
“ The breach of duty by the defendant, on which this action is founded, is the failure to deliver to plaintiff a telegram addressed to a firm, of which plaintiff was a member, and of which he is the successor in business.
“ Conceding that the defendant is subject to tne obligations of a common carrier, in order to sustain the action, *233 the complaint must allege facts which made it the duty of the defendant to receive and transmit the despatch.
Frank Keck, attorney, and of counsel, and JR. V. W. Dubois, of counsel for appellant, as bearing on the point on which the demurrer was decided, argued:
I. Section 11, chapter 265, of the laws 1848, upon which the opinion sustaining the demurrer is based, is as follows :
“It shall be the duty of the owner or the association owning any telegraph line doing business within the state *234 to receive despatches from and for other telegraph lines and associations, and from and for any individual, and on payment of their usual fixed charges for individuals for transmitting despatches as established by the rules and regulations of such telegraph line, to transmit the same with impartiality and good faith, under the penalty of one hundred dollars for every neglect or refusal so to do, to be recovered, with costs of suit, in the name and for the benefit of the person or persons sending or desiring to send such despatch.” The statute only refers to the right of the individual who has suffered through the neglect of the company to deliver his message, after payment of their fixed rates or charges, to recover the penalty prescribed by the statute, and does not refer to or restrict the right of such individual to bring suit for any pecuniary damage he may have suffered by reason of such neglect to deliver his message, where the usual charges have or have not been paid. This action is not brought under the section referred to, to recover the penalty thereunder, and not on contract, but is an action sounding in’ • tort.
*233 “ Section 11 of chapter 265 of the laws 1848, makes it the duty of a telegraph company doing business "within this state, to receive despatches, and on payment of its usual charge for the transmitting despatches, as established by the rules and regulations of such telegraph company, to transmit the same with impartiality and good faith. The duty to transmit the despatch is on payment of its usual charges; until such payment, or tender of payment, the telegraph company is under no duty to transmit the despatch, and as there was no contract between the parties the defendant is not hable, except for a breach of some duty.
“ The complaint does not allege that the usual charge for transmitting the message was paid or tendered to the defendant, nor does it allege any fact to show a waiver of such payment by the defendant.-
“ The general term of the supreme court has held that a telegraph campany is not a common carrier, and is not subject to the peculiar liabihty of a common carrier (Schwartz v. Atlantic & P. Telegraph Co., 18 Hun, 157).
“It does not appear from the complaint that defendant was under any duty to plaintiff to transmit the despatch, and its failure to deliver it imposed no liability.”
“The demurrer must be sustained, and judgment ordered for defendant thereon with costs, with leave to plaintiff to amend the complaint within twenty days on payment of costs.”
*234 II. The plaintiff and defendant, as between themselves, entered into no contract, but the defendant undertook, at the request of Sherman & McDonough, to transmit the message from Troy to the plaintiff in this city, and having executed the undertaking so far as to transmit the message over their wires to their office in this city, were in duty bound to deliver the same (Baldwin v. U. S. Tel. Co., 6 Abb. Pr. N. S. 426 ; Bryant v. Am. Tel. Co., 1 Daly, 575).
III. The message having been correctly transmitted and the same correctly transcribed, the mere manual delivery of the message remaining, the common carrier liability has arisen, and the rule analogous to that giving a consignee a right of action against a common carrier for goods lost in transitu applies (DeRutte v. L. Valley & Buffalo Tel. Co., 1 Daly, 547 : S. C., 30 How. 403).
IV. The common carrier liability being established as between the defendant and plaintiff, respecting the mes *235 sage, the defendant was bound to make due effort and use due diligence to find the address in order to make personal delivery of the message transmitted, and in faffing to do so and the message being lost while in its hands, it is responsible (Western Union Tel. Co. v. Fenton, 52 Ind. 1 ; Whitbeck v. Holland, 45 N. Y. 13 ; aff’g 55 Barb. 443 ; West. Union Tel. Co. v. Lindley, 62 Ind. 371; Hibbard v. West. Union Tel. Co., 33 Wis. 358, 14:Bradw. [Ill.] 531).
Dillon & Swayne, attorneys, and Melville Egleston, of counsel for respondent, on the point on which the demurrer was decided, argued:
I. There was no contract with plaintiff, nor even one made for his benefit. There was no privity between him and defendant. The settled doctrine of English courts is that the receiver cannot maintain an action unless the sender, in filing the message, . acted as his agent (Playford v. United Kingdom Telegraph Co., L. R. 4 Q. B. 706). Nothing of the kind is alleged. The rule is the same in this country so far as any obligation of contract is concerned. The plaintiff can therefore sue, if at all, only upon the ground of tort, even if he be considered as standing in the place of the receiver or addressee of a message (Tel. Co. v. Dryburgh, 35 Pa. St. 303; Rose v. U. S. Tel. Co., 3 Abb. Pr. N. S. 459; 2 Thompson on Negl. 847).
II. The wrong complained of is a non-feasance. But the obligations of a telegraph company as to sending and delivering messages are defined by law, and are dependent upon compliance with its reasonable rules and regulations and the payment of the usual compensation, as to all of which nothing is alleged in the complaint, (a) The defendant is not a common carrier (Breese v. U. S. Tel. Co., 48 N. Y. 132; Schwartz v. A. & P. Tel. Co., 18 Hun, 158). (b) Its whole duty is defined by the laws of this state relating to telegraph companies (Breese v. U. S. Tel. Co., supra; Childs v. Smith, 55 Barb. 45). The statute requires telegraph companies to receive and transmit despatches *236 only “ on payment of their usual charges ” (3 R. S. [Edm. 2d ed.] 722). It was upon the ground that the complaint failed to show that the usual charges had been paid in this case, that the demurrer was sustained at the special term.
Per Curiam.
Judgment affirmed upon the opinion delivered at special term, with costs.