Filed March 1, 1890.

---

No. 14,071.

ROGERS *v.* THE WESTERN UNION TELEGRAPH COMPANY.

TELEGRAPH COMPANY.—*Failure to Deliver Message.*—*Contract Made in Foreign State.*—*Statutory Penalty.*—Where the contract for the transmission and delivery of a telegraphic message to a point within this State, is made in a foreign State, there can be no recovery in this State of the statutory penalty for a failure to deliver the same after its transmission.

From the Ripley Circuit Court.

*J. S. Scobey*, for appellant.

*J. E. McDonald, J. M. Butler, A. H. Snow, J. M. Butler, Jr.,* and *A. J. Beveridge*, for appellee.

COFFEY, J.—This was an action in the circuit court to recover a statutory penalty for failure to transmit and deliver

a telegraphic message. The first paragraph of the complaint alleges that the appellant delivered to the appellee, at the city of Cleveland, in the State of Ohio, a telegraphic message which the appellee, for the price of fifty cents at the time paid by appellant, agreed to transmit and deliver to the person to whom it was addressed, at the city of Greensburg, in the State of Indiana, and that the appellee wholly failed and neglected to transmit said message.

The second paragraph of the complaint is the same as the first, except that it alleges that the appellant transmitted the message to the city of Greensburg, in the State of Indiana, but that it wholly failed and neglected to deliver the same to the party to whom it was sent.

Each of these paragraphs sets out a statute of the State of Ohio, similar in its provisions to the statutes of this State, inflicting a penalty for a failure to transmit telegraphic messages.

A demurrer was sustained to each paragraph of the complaint, and appellant excepted.

On failure of the appellant to plead further, the court rendered judgment against him for the costs of the action.

The assignment of errors calls in question the correctness of the ruling of the circuit court in sustaining the demurrer to the complaint.

It is conceded by the appellant that it has been decided by this court that the courts of Indiana will not enforce the statutes of another State prescribing and inflicting penalties in cases like the one now under consideration. Under this admission it is unnecessary to give any further attention to the statutes set out in the complaint.

It is contended, however, by the appellant, that as the message was transmitted by the appellee to the city of Greensburg the failure to deliver it to the party to whom it was addressed was a violation of our statute, and entitles the appellant to the penalty thereby inflicted.

This contention can not be maintained, for the cases which

hold that we will not enforce the penal statutes of another State, also hold that there can be no recovery under our statute in cases like the one before us, where the contract was made in a foreign State. *Carnahan* v. *W. U. T. Co.*, 89 Ind. 526 ; *W. U. T. Co.* v. *Reed*, 96 Ind. 195.

In the case of *Carnahan* v. *W. U. T. Co., supra,* it was said that unless we adopt the view that the statute only applies to contracts made in this State, we shall be involved in endless difficulty. Any other rule would make the telegraph company amenable to different punishments for the same wrong, for it is quite clear that if the wrong is punishable by the laws of the place where the contract is made, it would be no answer to a prosecution there to plead a judgment rendered in another forum, and under a different law. So, too, if we take a different view from the one indicated, we should be compelled to hold that the sender of a message from an office in Canada might come to our State and recover the penalty, although his sole contract with the corporation was made in a foreign country.

In the case of *W. U. T. Co.* v. *Reed, supra,* the message was transmitted from the State of Illinois to this State. By the negligence of the company's employees the message was changed in its transmission. As the contract for transmitting the message was made in the State of Illinois, it was held that our statute did not apply.

We are of the opinion that the circuit court did not err in sustaining the demurrer to the complaint in this cause.

Judgment affirmed.

Filed March 11, 1890.