## COLE v. GEORGE.
No. 4816–A.

District Court of Alaska. First Division. Juneau.
March 16, 1942.

Harold Bates, of Juneau, for plaintiff.

Howard D. Stabler, of Juneau, for defendant.

ALEXANDER, District Judge.

The plaintiff in this case seeks to recover from the defendant as treasurer of the Baranof Hotel, Inc., an Alaska corporation, the penalty provided by Section 923, C.L.A., as amended by Chapter 89, Session Laws of Alaska 1935, for failure to make and file the annual report of such corporation as required by law.

The defendant has demurred to plaintiff's complaint on two grounds, viz:

First: That there is a defect in non-joinder of necessary parties defendant;

Second: That the complaint does not state facts sufficient to constitute a cause of action against the defendant Wallis George.

The complaint states in substance that the Baranof Hotel, Inc., is a corporation organized and existing under and by virtue of the laws of the Territory of Alaska, having its

principal place of business at Juneau, Alaska. That the plaintiff is a stockholder of said corporation. That the defendant, Wallis George, is the secretary and treasurer of said corporation. That under Sec. 923, C.L.A., as amended by Chapter 89, Session Laws of Alaska 1935, it became and was the duty of the defendant Wallis George, as treasurer of said corporation, to file with the Auditor of the Territory of Alaska and with the Clerk of the District Court in the First Division, the annual report of said Baranof Hotel, Inc., made and verified by its president and treasurer, stating the amount of its capital stock and the amount actually issued; the amount of its debts; the amount of its assets, the name and address of all the directors and officers of the corporation, within sixty days from the date its fiscal year ends. That the defendant has failed and neglected to file such report, after a written request was made on him so to do by the plaintiff as a stockholder of said corporation, as a result of which defendant became liable to the plaintiff for the penalty provided by said section.

Sec. 923 of the statute requires, "Every corporation formed under this article, shall annually, within sixty days from the first day of January of each year, file with the Auditor of the Territory of Alaska and with the clerk of the District Court in each Division wherein business of the corporation is conducted, a report made and verified by the president and the treasurer."

The statute then provides: "If any report be not made and filed as prescribed in this section [923], either of such officers who shall thereafter refuse or neglect to make and file such reports within ten days after a written request to do so shall have been made by a creditor or a stockholder of the corporation, shall be under penalty of $50.00, recoverable by such aggrieved creditor or stockholder, for every day he or they shall so neglect or refuse."

It is thus made the duty of the corporation itself, in the first instance, to make and file an annual report, made and verified by its "president and the treasurer" within sixty

days from the first day of January of each year, or within sixty days from the date on which its fiscal year ends. If it fails to do so any stockholder or creditor may make a demand upon the president and treasurer to file such report, and if they fail to make and file such verified report within ten days after a written request to do so, the statute makes them liable to any aggrieved creditor or stockholder for a .penalty of $50 per day, for every day he or they shall neglect or refuse to make and file such report.

■ It will be noted that the statute makes it the joint duty of the "president and the treasurer" of such corporations to file such report (after a written request therefor, and the filing of a report by any other officers of the corporation, or by the president or treasurer alone, would not be a compliance with the statute. McCrea v. Bedell, 9 Misc. 372, 29 N.Y.S. 705; St. John v. Eberlin, 23 Misc. 585, 51 N.Y.S. 998, 999.

■ The complaint therefore should allege in substance:

First: That the corporation itself failed to file the required annual report within the time provided by statute;

Second: That following the corporation's failure so to do, a written request was made upon both the president and treasurer of the corporation to make and file such report, by a creditor or stockholder of the corporation;

Third: The refusal or neglect of such officers to file such report within ten days after written request so to do.

■ The weakness of plaintiff's complaint lies in the fact that although a joint and several liability is created against the president and treasurer of the corporation for failure to file such annual report after a written request is made of them so to do, the law makes it their joint duty to file such report, and therefore before recovery can be had under the statute against either the president or treasurer of such corporation a demand must be made upon both the president and treasurer of such corporation to file such report, and then if they fail so to do within the time pre-

scribed by the statute, either or both the president and treasurer are liable for their failure so to do.

In this case the complaint states that demand was made upon the treasurer only. Such a demand, we think, is insufficient, for the reason that even had the treasurer furnished or filed a report made and verified by himself only, it would not be a compliance with the statute, which requires a report signed and verified by both the president and treasurer.

We therefore hold that the first ground of defendant's demurrer to plaintiff's complaint, viz., that there is a defect in non-joinder of necessary parties defendant, is untenable for the reason that the statute in question creates a joint and several liability as against both the president and treasurer of the corporation for violation of the statute; and

That the second ground of demurrer, viz., that the complaint does not state facts sufficient to constitute a cause of action against the defendant, Wallis George, is good, as the statute requires a written request to be made upon both the president and treasurer, before any cause of action accrues for the penalty prescribed by the statute.

The defendant also urges that the statute gives a right of action only to an "aggrieved creditor or stockholder." There is, however, no merit to this contention. An aggrieved creditor or stockholder, as contemplated by our statute, has generally been held to be anyone who has a right to demand the filing of such a report, and a "stockholder" has been almost universally held to be such an aggrieved person. See Aggrieved, Aggrieved Creditor and Aggrieved Stockholder in 2 Words & Phrases, Perm.Ed., pp. 805, 808, 823.

Nor do I consider there is any merit to defendant's contention that "the penalty exacted by the statute is arbitrary, unreasonable, excessive, discriminatory and am-

ounts to a confiscation of defendant's property without due process of law."

Particularly pertinent is the opinion of McAdam, J. in St. John v. Eberlin, 23 Misc. 585, 51 N.Y.S. 998, 999, wherein, considering a similar statute, he says:

"The obvious purpose of the statute was to enable stockholders not in control to obtain, for their protection and guidance, a true statement of the financial condition of the corporation, that they might ascertain the value of their investment, and conserve their interests according to the best lights obtainable. To accomplish this end, and make the statement trustworthy, it must not only be made by the treasurer, but verified by his oath.   *   *   *

"The popular impression that whenever a statute, penal in its character, is the subject of action or defense, courts are bound to find some means of avoiding or mitigating its effect, is fallacious. Statutes are to be enforced even though highly penal. They are not on that account to be impaired, and ought not to be construed so as to defeat the legislative aim and purpose. Cotheal v. Brouwer, 5 N.Y. 562; End. Interp. St. § 329; People v. Quant, 12 How.Prac., N.Y., 83, at page 91. 'We are undoubtedly bound,' says Mr. Justice Story, 'to construe penal statutes strictly, and not to extend them beyond their obvious meaning by strained inferences. On the other hand, we are bound to interpret them according to the manifest import of the words, and to hold all cases which are within the words and the mischiefs to be within the remedial influence of the statute.' Sedg. St. & Const.Law (2d Ed.) 282. When a statute, as this one does, imposes a specific obligation upon a corporation official, courts cannot alter or lessen the penal consequences of default; for that is matter of legislative wisdom, and not judicial concern and policy. There is an apparent disposition to avoid cumulative penalties whenever the statute is capable of an interpretation that permits the courts to hold but one penalty recoverable but this course cannot be indulged when the act invoked gives a separate and distinct

penalty for every offense, or for every day's delay, as is the case here. Suydam v. Smith, 52 N.Y. 383. The defendant had the power to stop the running of penalties by complying with the statute, which in plain language provides that until he does yield compliance the penalties are to accumulate."

We therefore hold that the complaint in this case does not state a good cause of action against the defendant Wallis George, under our statute, although if the plaintiff had made a demand upon both the president and treasurer of said corporation, either or both of them would have been liable for their failure to comply with such request.

The first ground of defendant's demurrer is therefore denied, and the second ground of demurrer sustained. An order may be prepared in compliance with this opinion, and it is so ordered.