[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 150 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 151 
The "Moravia Cotton Mill" was organized as a corporation on the 15th of May, 1831, under and in pursuance of the "act relative to incorporations for manufacturing purposes," (1 R.L. 1813, p. 247; 3 R.S. 220.) On the 4th day of October, 1850, it gave the note upon which this action was brought, and on the 6th day of May, 1851, it was dissolved by a judgment and decree of the supreme court. The seventh section of the act under which the corporation was created, provides, that "for all debts which shall be owing by the company at the time of its dissolution, the persons then composing such company shall be individually responsible, to the extent of their respective shares of stock in said company." (1 R.L. 1813, p. 247, § 7; 3 R.S. 222, § 7.) This action is brought against the defendant as one of the persons composing the company known as the "Moravia Cotton Mill."
It was proved upon the trial that on the 19th of June, 1843, Orsamus Dibble transferred upon the books of the company *Page 152 
twenty shares of the capital stock to the defendant, and it is not pretended that any subsequent entry was made in the transfer books, in reference to those shares. The defendant offered to prove an agreement between Dibble and the firm of Silas Brown 
Co., bearing date on the third day of June, 1843, for the purpose of showing that the transfer of the stock to the defendant was merely by way of pledge. This evidence was rejected by the judge before whom the action was tried, upon the ground, as I suppose, that the absolute transfer upon the books of the company could not be explained or controlled by any separate and distinct agreement entered into between the parties to such transfer.
A corporation, although it is an artificial existence, must be composed of natural persons who manage and administer its affairs and receive its benefits. These persons are not generally named in the charter of incorporation, and there must be some way of ascertaining who they are. In a joint stock company they are, and they necessarily must be, those who hold the evidence that they are the owners of the stock; they are called the stockholders, and not the stock owners, and they are generally those who appear upon the transfer books of the company to be stockholders. This must be so in the case of corporations which are subject to the provisions of the revised statutes. (1 R.S. 604, § 8.) As between himself and third parties, the person who appears upon the transfer books to be a stockholder, may have parted with all his interest in the stock, but as between himself and the corporation, such person, and he only, is treated as a stockholder. This is his relation as regards the management of the company, and the benefits to be derived from it; and the question is presented here, whether he is so as regards the liabilities of the company. In the case of Adderly v. Storm,
(6 Hill, 624,) stock had been transferred to the defendants as security for a debt, with the right to sell at any time, although they were restricted to a particular price, in case that they sold before their debt became due. The debt was duly paid, and they gave a power of attorney authorizing a transfer of the stock *Page 153 
to the person from whom they had received it. After this had been done, and before any transfer had been made on the books of the company, the debt for which the company was sued, had been contracted. The court held, that although the defendants had but the mere formal title to the stock, yet that they were liable as stockholders, and the court say, that "they might receive dividends, vote at elections, and enjoy all the other rights appertaining to the ownership of the property, and with the privileges they must take the burthen of the stockholders." The court further say that "after the defendants had once become the legal owners, they could only throw off the liabilities incident to that relation by transferring the stock. Until this was done they continued to be stockholders within the meaning of the statute. If we depart from the terms of the law, and inquire into the equities which may exist between the stockholders and some third person, it cannot fail to embarrass creditors in seeking a remedy for the wrongs which may be done by the corporation. If creditors must look beyond the legal title, they never can know against whom to proceed." It seems to me that this reasoning is sound, and that according to every principle of justice they should be liable as stockholders for the debts of the company who are entitled to manage its affairs. In the case of Worrall v.Judson, (5 Barb. 210,) the defendant had sold his stock, and transferred to the vendee his certificate of stock, with his name indorsed thereon, but the stock continued to stand upon the books of the company in the name of the defendant, and it was held that he was liable as a stockholder for a debt contracted by the company. These decisions were made in the supreme court, and are not binding as authority upon this court; but they have hitherto been acquiesced in, at least they have not been reversed, and, in my judgment, they are based upon sound principles.
It is said, however, that there is a distinction between these cases, and the one before the court. The statute applicable to the cases cited provides, that the stockholders of thecorporation *Page 154 
shall be personally liable, and the statute under which this action is brought provides, that the persons composing thecompany at the time of its dissolution shall be liable. There is undoubtedly a difference in the language of the two statutes. But I think that the distinction is not favorable to the defendant. The persons who are liable in the latter case, are those who composed the company at the time of its dissolution. But who are the persons who can properly be said to compose the company at the time of its dissolution? It seems to me that there is but one answer to be given to this question, and that is, that they are those who are entitled to the management of its affairs. Other persons may have an interest in the property of the corporation, but they do not compose the company. But it is said that the agreement which was offered in evidence shows that the stock was pledged, and not sold to the defendant, and that as the pledgee is not the owner of the thing pledged, the pledger never ceased to be the owner of the stock. That may be so, but he has ceased to hold the evidence that he is the owner of it. He has transferred that to another, and this made him the stockholder. The usual, though not the universal way in which stock is pledged, is by delivery of the certificate of the company by the pledger, with a power of attorney to the pledgee to make a transfer upon the books of the company. If the defendant had pursued this course, he would have had no difficulty. But he chose to pursue a different course, and although he may have become but a pledgee, still, he became the pledgee of a thing which gave the person who held it, in the manner in which he did, certain rights and privileges, and at the same time rendered him subject to certain liabilities. It is said by the defendant's counsel that in the present case the defendant had only a lien upon the stock; but, in the cases above cited, he had not even that. He had but a mere formal title, that is, his name was on the transfer books of the company as a stockholder; the ownership was in another person. I think that the agreement which was offered in evidence was properly excluded, and that the judgment should be affirmed. *Page 155