## Case No. 9,769.

### MOORE et al. v. JONES et al.

[3 Woods. 53;[1] 2 Nat. Bank. Cas. (Browne) 144.]

Circuit Court, D. Louisiana. April Term, 1877.

BANKS — LIABILITY OF STOCKHOLDER — STOCK TAKEN AS SECURITY.

A person who allows a transfer to be made to him upon the books of a national bank of shares of stock therein, even though such transfer is made solely as security for a debt due the transferee, becomes individually liable for all contracts and engagements of the bank to the extent prescribed by the currency act [12 Stat. 665].

[Cited in Florida Land & Imp. Co. v. Merrill, 2 C. C. A. 629, 52 Fed. 80; Id., 8 C. C. A. 444, 60 Fed. 21.]

[Cited in Keyser v. Hitz, 2 D. C. 477.]

In equity. Heard on demurrer to the bill. The bill was filed by Robert Moore and Thomas Janney against C. M. Jones and F. F. Case, the latter as receiver of the First National Bank of New Orleans, and alleged in substance that in the year 1866, and before and after that time, the complainants were commercial partners under the name of Moore & Janney; that on December 22, 1866, the defendant C. M. Jones was indebted to complainants, as such partners, in the sum of sixty-five hundred dollars, to secure which he, on the date last named, pledged to complainants sixty-five shares of the capital stock of said national bank, then owned by him, and, to make said pledge effectual, the said Jones delivered to complainants the certificates of stock which had been issued to him by the bank. The bill further alleged that the complainants never were the owners of said stock, and that they had no right or interest therein except as pledgees in the manner and for the consideration aforesaid; that the said pledge

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

was perfect by the delivery of the certificates of stock, but that, in ignorance of their legal rights, they had said shares of stock transferred to them on the books of the bank, under the erroneous belief that such transfer was necessary to the validity of said pledge, and that said transfer was made on the 22d day of December, 1866, before the failure of said bank to redeem its circulating notes, and before the appointment of said receiver. The bill claimed that the transfer on the books of the bank of the stock was unnecessary to invest the complainants with a privilege on said shares, and that, notwithstanding the transfer, Jones continued to be the actual owner of the shares and was alone liable to the obligations imposed by law upon shareholders in national banks. It was further alleged that the receiver, the said bank having failed to redeem its circulating notes and having been put in liquidation by the comptroller of the currency, had commenced an action at law against complainants to enforce against them the individual liability provided by the currency act against the holders of shares in national banks. The averment was, that if any ground existed for said action against the shareholders of the bank, the action should be against the said C. M. Jones, who was the real owner of the stock, and not against complainants; that the said defense of complainants could not be made at law, and that the aid of a court of equity was necessary to their complete and adequate protection. The bill therefore prayed that said receiver might be enjoined from further prosecuting said suit at law against complainants; that said C. M. Jones might be decreed to be the owner of said stock, and that the transfer thereof to the complainants might be declared to have been made in error and be corrected so as to exhibit the said C. M. Jones as the owner thereof; and that it might be decreed that the complainants are not individually liable thereon. To this bill the defendant F. F. Case, receiver, interposed a demurrer, on the ground that the bill did not make a case for equitable relief.

John Finney and Henry C. Miller, for complainants.

John D. Rouse, for the receiver.

WOODS, Circuit Judge. The demurrer is well taken. The currency act (Rev. St. § 5139) declares that "the capital stock of each association shall be divided into shares of one hundred dollars each and be deemed personal property, and shall be transferable on the books of the association in such manner as may be prescribed in the by-laws or articles of association. Every person becoming a shareholder by such transfer shall, in proportion to his shares, succeed to all the rights and liabilities of the prior holder of said shares." Now, according to the averments of the bill, Moore & Janney became the transferees of the stock of Jones by transfer on the books of the association. According to the terms of the act such transfer made them stockholders and subjected them to all the rights and liabilities of the prior holder of the shares, among which is that shareholders shall be held individually responsible equally and ratably, and not one for another, for all contracts and engagements of such association to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares. So far as the bank and the public were concerned, Moore & Janney were the owners of the stock. They were entitled to vote the stock at stockholders' meetings, to draw dividends, and to transfer the stock to whom they pleased. The public were advised by the list of stockholders kept in the office where the business of the bank was transacted (see Rev. St. § 5210) that Moore & Janney were shareholders to the amount of sixty-five shares. By appearing on the stock book of the bank and upon the list of shareholders required to be posted in the business room of the bank, they assumed the liability of shareholders. Neither the bank nor the public were required to take notice of the private understanding between Moore & Janney and the person from whose name the stock had been transferred. The individual liability falls upon the person who appears on the stock book of the bank by transfer to him to be the owner of the stock. The law organizing the banks seems to place it there. To allow one who, by inspection of the stock book, appears to be a shareholder who has allowed himself to be held out by the bank to the public as a shareholder, to set up secret arrangements between himself and the real owner as a defense to his individual liability for the debts of the bank, would be to make of no avail the individual liability clause of the currency act. "It is well settled that one to whom stock has been transferred in pledge or as collateral security for money loaned, and who appears on the register of the corporation as the owner of the stock is, in the event of the insolvency of the corporation, chargeable as a stockholder for the benefit of creditors." Thomp. Stockh. § 223; Adderly v. Storm, 6 Hill, 624; Rosevelt v. Brown, 11 N. Y. 148; In re Empire City Bank, 18 N. Y. 199, 223; Holyoke Bank v. Burnham, 11 Cush. 183; Magruder v. Colston, 44 Md. 349; Crease v. Babcock, 10 Metc. [Mass.] 525, 545; Wheelock v. Kost, 77 Ill. 296; Pullman v. Upton, 96 U. S. 328. Moore & Janney, so far as the bank and the public were concerned, were to all intents and purposes shareholders and individually liable as such. The demurrer to the bill must be sustained.

MOORE (JUDSON v.). See Case No. 7,569.

MOORE (LATIMER v.). See Case No. 8,114.

MOORE (LIVINGSTON v.). See Case No. 8,-416.

MOORE (McDONALD v.). See Cases Nos. 8,-762 and 8,763.