MARY A. P. TUCKER, Appellant, *v.* CORNELIA GILMAN, Respondent.

The owners of stock of a corporation organized under the General Manufacturing Act (Chap. 40, Laws of 1848), divest themselves of the liabilities incident to their relation to the corporation when they have actually and in good faith transferred their stock in the manner provided by law.

In an action against an alleged stockholder of such corporation to recover the sum alleged to be unpaid upon said stock, in order to apply the same upon an indebtedness of said corporation, defendant's answer alleged a purchase by her of said stock after the organization of the company, and a receipt by her of a certificate therefor, representing on its face that the stock was full paid, also that, at a time prior to the contracting of the indebtedness in question, she transferred her stock upon the books of the company, as authorized, and surrendered her certificate, and that a new certificate was issued to the transferee. Plaintiff did not prove that defendant was a subscriber or a stockholder when the indebtedness of the corporation accrued. Defendant offered to prove the facts alleged in her answer; this was objected to and excluded on the ground that the transfer was no defense to the suit. *Held,* error.

Reported below, 45 Hun, 193.

(Argued March 18, 1890; decided April 15, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made June 18, 1887, which reversed a judgment in favor of plaintiff entered upon a verdict directed by the court.

The nature of the action and the facts are sufficiently stated in the opinion.

*Everett P. Wheeler* for appellant. The cause of action vested in the receiver. (*Billings* v. *Robinson,* 94 N. Y. 415; *L. S. I. Co.* v. *Drexel,* 90 id. 87; *Farnsworth* v. *Wood,* 91 id. 308; Laws of 1852, chap. 71; Code Civ. Pro. § 1788; 2 R. S. 463, 469; *Drayton* v. *Borst,* 31 N. Y. 435; *Atty.-Genl.* v. *G. M. L. Ins. Co.,* 77 id. 272, 275; Laws of 1870, chap. 151, § 5.) The plaintiff's counsel, having undertaken to produce, before he rested his case, the petition upon which the order

confirming the sale was granted, and the order having been thereupon received in evidence, the defendant's counsel, in order to have availed himself of any supposed failure on the part of plaintiff's counsel to produce such petition, should have moved, at the end of the trial, to strike out such order, and, not having done so, he cannot now insist that such petition was not offered in evidence. (*Ayrult* v. *P. Bank*, 47 N. Y. 570, 576 ; *Walsh* v. *Kelly*, 40 id. 556, 558 ; *Hoyt* v. *L. I. R. R. Co.*, 57 id. 678.) The fact that the printed case does not contain the petition or any reference to its having been offered in evidence, other than that already stated, does not raise any presumption that it was not produced, but on the contrary the presumption is that it was produced and showed the fact that the cause of action mentioned in the complaint was fully described in this petition. (*Porter* v. *Smith*, 35 Hun, 118 ; Baylies on New Tr. & App. 144.) The description of this cause of action in the order directing and in the order confirming the sale is sufficient, without reference to the petition. (*Morris Case*, L. R. [7 Ch. App.) 200, 204 ; *Webb* v. *Whiffin*, L. R. [5 H. L.] 711, 720.) The claim was a valid claim. No express subscription was necessary. An agreement to takes shares in the capital stock of a company raises an implied promise to pay the amount thereof. (*Dayton* v. *Borst*, 31 N. Y. 435 ; *B. & N. Y. C. R. R. Co.* v. *Dudley*, 14 id. 326 ; *Chubb* v. *Upton*, 95 U. S. 665, 668 ; *Hawley* v. *Upton*, 102 id. 314, 316 ; *Richardson* v. *Green*, 133 id. 30, 46 ; *N. R. R. Co.* v. *Miller*, 10 Barb. 260, 269.) The Statute of Limitations is no defense to this action. (2 R. S. 469–472, §§ 72–89 ; *In re C. E. Bank*, 18 N. Y. 199, 214 ; *Wood* v. *Tunnecliff*, 74 id. 38, 47 ; *Scovill* v. *Thayer*, 105 U. S. 143.) This court is not limited by the old distinction between a court of equity and a court of law. (*N. Y. I. Co.* v. *N. W. Ins. Co.*, 23 N. Y. 357 ; *Bidwell* v. *A. M. Ins. Co.*, 16 id. 263 ; *Van Tuyl* v. *W. F. Ins. Co.*, 55 id. 657 ; *P. C. Co.* v. *D. & H. C. Co.*, 3 Abb. Ct. App. Dec. 470 ; *Greason* v. *Keteltas*, 17 N. Y. 491 ; *Barlow* v. *Scott*, 24 id. 40 ; *Powell* v. *Waldron*, 89 id. 328 ; *Phillips* v. *Gorham*, 17 id. 270 ; *Mills* v.

*Scott,* 99 U. S. 25; *Porter* v. *Wormser,* 94 N. Y. 431.) The answer distinctly admits that the cause of action sued upon did not accrue two years after the company was incorporated. The defendant voluntarily made this admission for the purpose of escaping liability for interest from April 18, 1870, and the plaintiff accepted the admission for the purposes of the trial; and, instead of introducing evidence of the defendant's non-residence for the purpose of thus taking the case out of the Statute of Limitations, reduced the claim to one with interest from the commencement of the suit. The defendant, therefore, cannot now recede from this admission. (*Paige* v. *Willet,* 38 N. Y. 28; *Quackenbos* v. *Edgar,* 61 id. 653.) Defendant offered to show statements made by the officers of the company to the defendant at the time she accepted the stock. These were immaterial and were rightly excluded. (*Upton* v. *Tribilcock,* 91 U. S. 45; *Ruggles* v. *Brock,* 5 Hun, 164; *Palmer* v. *Lawrence,* 3 Sandf. 161, 174; *Briggs* v. *Cornwell,* 9 Daly, 436; *Hanley* v. *Upton,* 102 U. S. 314, 316.) The defendant's offer to show that before the commencement of the suit she had transferred her stock to her daughter, Mrs. Bramhall was properly excluded. (*Waterhouse* v. *Jameson,* L. R. [2 H. L.] 29; *Foreman* v. *Bigelow,* 4 Cliff. 508; *P. R. Co.* v. *Thatcher,* 11 N. Y. 102; *Cole* v. *Ryan,* 52 Barb. 168; *Dayton* v. *Borst,* 31 N. Y. 435, 438; 2 R. S. 1960.) The objection to the form of acknowledgment of the assignment to the plaintiff is not well taken. (*Smith* v. *Boyd,* 101 N. Y. 472; *C. Academy* v. *McKechnie,* 19 Hun, 62; *Dail* v. *Moore,* 51 Mo. 589.)

*George H. Fletcher* for respondent. This action being founded on a statue and the statute being in derogation of the common law, must be strictly followed. (*Chase* v. *Lord,* 77 N. Y. 1; *Gray* v. *Coffin,* 9 Cush. 199; *L. Ins. Co.* v. *Mass,* 10 Wall. 575; *Myers* v. *Irwin,* 2 S. & R. 371; *Thomas* v. *Dakin,* 22 Wend. 95; *Slee* v. *Bloom,* 19 Johns. 473; *Diven* v. *Lee,* 36 N. Y. 302; *Chamberlain* v. *H. Co.,* 118 Mass. 536; *Priest* v. *E. Co.,* 115 id. 380.) There is no proof

that the stock of the Kings County Manufacturing Company was not fully paid. In that case there can be no such liability. Therefore, until found to be fraudulent, the act of the trustees of the Kings County Manufacturing Company not only was good in law, but a complete estoppel to the claims of any creditor against a stockholder thereof. (Laws of 1853, chap. 333, § 2; *Schenck* v. *Andrews*, 46 N. Y. 589; *Bruce* v. *Driggs*, 25 How. Pr. 71; *Chase* v. *Lord*, 77 N. Y. 1; *Lewis* v. *Ryder*, 13 Abb. Pr. 1.) Plaintiff never became vested with any right of action against the defendant, such as was attempted to be proved on the trial. (*Farnsworth* v. *Wood*, 91 N. Y. 308; *Hanson* v. *Donkersley*, 37 Mich. 184; *Dutcher* v. *M. N. Bank*, 12 Blatch. 435; *Bristol* v. *Sanford*, Id. 341; *Wright* v. *McCormack*, 17 Ohio St. 86; *Umstead* v. *Bushkirk*, Id. 113; *Kennedy* v. *Gibson*, 8 Wall. 498; *Story* v. *Furman*, 25 N. Y. 214, 231; *Coykendall* v. *Corning*, 88 id. 129.) A receiver in sequestration proceedings cannot bring an action under section 5, title 3, chapter 18, part 1 of Revised Statutes. (*Mann* v. *Pentz*, 3 N. Y. 415.) The Edgar Tucker judgment is not sufficient evidence of the corporation's indebtedness to charge the stockholders with liability under the statute. (*Miller* v. *White*, 50 N. Y. 137; *Kincaid* v. *Dwinelle*, 59 id. 549, 551.) This action was barred by the Statute of Limitations. (*Handy* v. *Draper*, 89 N. Y. 334; *Johnson* v. *Underhill*, 52 id. 203; *Dean* v. *Mace*, 19 Hun, 39; *Dempsey* v. *Willet*, 61 id. 264; *Strong* v. *Wheaton*, 38 Barb. 616; *Hovey* v. *TenBroeck*, 3 Robt. 316; *Knox* v. *Baldwin*, 80 N. Y. 613; *R. M. N. Bank* v. *Bliss*, 89 id. 338.) The court erred in not allowing defendant to show that the officers of the corporation represented to her that the stock was full paid. (*Waterhouse* v. *Jameson*, L. R. [2 H. L.] 29; *McCracken* v. *McIntyre*, 1 Dural, 479; *Foreman* v. *Bigelow*, 7 Cent. L. Jour. 420.) The court erred in not allowing the defendant to show the sale of the stocks by her to Henrietta Bramhall, on or about February 13, 1872. (*Freeland* v. *McCullough*, 1 Den. 414; 2 R. S. [5th ed.] 663, § 47; 5 Den. 567; 18 Hun, 571.)

*Per Curium.* The object of this action was to compel the payment by the defendant of the sum remaining unpaid upon certain shares of stock alleged to have been subscribed for by her in the Kings County Manufacturing Company, a corporation organized under the General Manufacturing Act of this state of 1848.

The plaintiff insists upon the liability of the defendant to make this payment in order that it may be applied towards the discharge of the indebtedness of the corporation.

The allegations of the complaint, with respect to the defendant's agreement to take, or to a subscription by her for shares of the company's capital stock, were denied by the answer, as were all of the material averments of the complaint under which any liability to respond to the claim could be asserted. She alleged her purchase from the company at a time subsequent to the formation of the corporation of 150 shares of its capital stock, and the receipt by her of a certificate thereof in her name, and representing upon its face that the stock was full paid stock. She further alleged that the stock was made transferable upon the books of the corporation, and that subsequently, and at a time prior to the contracting of the indebtedness of the corporation, she transferred her stock to another person and surrendered her certificate to the officers of the company, who effected the transfer upon the company's books and issued a new certificate to the transferee. Upon the trial the plaintiff did not prove, or offer to prove, anything with respect to the defendant's acquisition or holding of the shares of stock, but contented herself with certain formal proof which did not touch the question of any share holding. There are several grounds upon which it is deemed that the judgment recovered by the plaintiff should have been reversed, but as all of the members of the court agree that in the exclusion of certain material evidence offered by the defendant grave error was committed, we confine our opinion to that ground in affirming the judgment of reversal at the General Term.

The defendant offered and sought to prove the sale and transfer of her stock in 1872 before the indebtedness of the

company accrued, the surrender of her certificate and the issuance of a new one to the transferee. The plaintiff objected on the ground that the transfer was no defense to the suit, but the trial court sustained the objection and the defendant excepted. This was an error fatal to the plaintiff's recovery. As the case stood the plaintiff not only did not show that the defendant was a subscriber, or that she was a stockholder when the indebtedness of the corporation accrued, but when the defendant endeavored to show that she was not a subscriber and that she had ceased to be a stockholder she was prevented from doing so.

The act of 1848 imposes the liability to respond to the demands of creditors of the corporation upon those who are its stockholders. A transfer of stock made in good faith and at a time when the corporation is a going and solvent concern, and which is entered upon the books, would certainly relieve the transferer from all of the responsibilities which attached to him as a stockholder. To deny to the defendant the leave to prove these facts was to disregard the rules governing the liabilities of stockholders. All the authorities are to the effect, as is the plain reading of the language of the act, that the owners of corporate stock divest themselves of the liabilities incident to their relation to the corporation when they have actually transferred their stock in the manner provided by the law. (*Adderly* v. *Storm*, 6 Hill, 624; *Rosevelt* v. *Brown*, 11 N. Y. 148; *Johnson* v. *Underhill*, 52 id. 203; *Cutting* v. *Damerel*, 88 id. 410; Laws of 1848, chap. 40, § 25.)

The judgment appealed from should be affirmed, with costs.

All concur.

Judgment affirmed.