EPHRAIM BOND, Appellant, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Respondent.

*How evidence is to be construed, on review of a direction of a verdict for the defendant — personal injury received in passing over a railroad crossing, guarded by gates — contributory negligence.*

On the review of the action of the trial court in directing a verdict for the defendant, the plaintiff is entitled to the most favorable construction of the evidence.

A traveler approaching a railroad crossing guarded by gates is not required to exercise the same vigilance in looking and listening as when the approaches are not so guarded.

On the trial of an action brought to recover damages for a personal injury alleged to have been received by the plaintiff through the negligence of the defendant railroad company in striking, with a passing train, the wagon of a third person, who was in the act of crossing the track near the plaintiff, and throwing the wagon box upon the plaintiff, it appeared that when such third person approached the crossing, which was guarded with gates, the gates were down and he stopped his team; a train passed and the gate-tender raised the gates and signaled him to cross.

*Held,* that being invited by the open gate and by the gate-tender to cross when he did, and it being a descending grade, it was not necessarily negligent for him to allow his team to go on to the track on a trot, or to whip up his team when called upon to act in the face of the great danger of an approaching train; and that, if contributory negligence on the part of such third person constituted a defense to the plaintiff's action, the question as to such negligence was, under all the circumstances of the case, one of fact for the jury.

APPEAL of the plaintiff, Ephraim Bond, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of Montgomery county on the 31st day of May, 1892, upon a verdict for the defendant rendered by direction of the court at the Montgomery Circuit, and from an order denying the plaintiff's motion for a new trial made upon the minutes.

The action was brought to recover damages for a personal injury suffered by the plaintiff, alleged in the complaint to have been received under the following circumstances :

" On the 23d day of November, 1891, while the plaintiff was lawfully traveling on foot on Bridge street, toward a certain crossing of defendant, in the city of Amsterdam, at said street known as Bridge street, in said city, and while one William Struing was also

traveling in a wagon on said street, approaching said crossing where said street crosses the said railroad tracks, and which said crossing is at that point provided with guard gates and a man to open and shut the same and to notify persons of the approach of trains at that point; the defendant, at the time aforesaid, so carelessly and negligently guarded and attended to the said guard gates, and to the management of said crossing and of said railroad, that the said servant of defendant then in charge of said guard gates, carelessly and negligently raised the same, and signaled the said Struing, who was then approaching said crossing from the north, to come on and pass over the said railroad track, which he, said Struing, then proceeded carefully to do, but when he reached the middle of the tracks with his team and wagon he was suddenly made aware of the very near approach of a passenger train of defendant, coming at a high rate of speed from the west, from a point he could not see till on said tracks, and it being impossible to stop his team, said Struing, to avoid instant death to himself and team, whipped them up in an endeavor to escape from said railroad tracks and said train of defendant, and had nearly done so when defendant carelessly, and without any fault of said Struing, allowed one of their locomotives drawing said railroad train, to strike and come in collision with the rear end of the box of the heavy coal wagon which said Struing's team was drawing, thereby throwing the said box over and upon plaintiff, who was then near said crossing, and on said Bridge street, greatly injuring and bruising him, said plaintiff, and without any fault or negligence on his part, and wholly through the fault of said defendant, this plaintiff being wholly unaware of the near approach of said train or engine, or of the possibility of said collision."

*R. J. Sanson*, for the appellant.

*C. D. Prescott*, for the respondent.

PUTNAM, J.:

The questions involved in this case are so well settled and have been so often discussed, that an opinion is unnecessary.

The trial court having directed a verdict for defendant, on this appeal plaintiff is entitled to the most favorable construction of the evidence. (*Rehberg* v. *Mayor, etc., of New York*, 91 N. Y. 141.)

There was testimony given tending to show negligence on the part of the defendant, in the management of its gates, which if submitted to the jury would have sustained a verdict for the plaintiff. (*Kane* v. *N. Y., N. H. & H. R. R. Co.*, 31 N. Y. St. Repr. 741 ; 132 N. Y. 160 ; *Phillios* v. *N. Y. C. & H. R. R. R. Co.*, 25 N. Y. St. Repr. 91.)

If contributory negligence on the part of Struing, the driver of the coal wagon, constituted a defense to plaintiff's action, as claimed by defendant — the question as to such negligence was, under all the circumstances of the case, one of fact for the jury, and not one of law for the court.

A traveler approaching a railroad crossing guarded by gates, as was the crossing in question, is not required to exercise the same vigilance in looking and listening as when the approaches are not so guarded. (*Kane* v. *N. Y., N. H. & H. R. R. Co.*, 132 N. Y. 160.)

It appears that when Struing approached the crossing the gates were down and he stopped his team. A train passed and the gate-tender raised the gates, at the same time signaling Struing to cross. Struing's view was obstructed to the west by buildings and by a train standing on the track. Being invited by the open gate and by the gate-tender, to cross when he did, and it being a descending grade, it was not necessarily negligent for Struing to allow his team to go on to the track on a trot. Nor, if Struing, when he first saw the approaching train so nearly upon him, and was called to act suddenly in the face of great danger, did not act with the best judgment in whipping up his horses — can he be held as a matter of law negligent. (*Twomley* v. *C. P., N. & E. R. R. R. Co.*, 69 N. Y. 158.)

It is only in rather exceptional cases that the question of contributory negligence can be taken from the jury. (*Parsons* v. *N. Y. C. & H. R. R. R. Co.*, 113 N. Y. 364.)

Judgment should be reversed, and a new trial granted, costs to abide the event.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment reversed and a new trial granted, costs to abide the event.