have sued and recovered the amount, it was not a bar to maintaining this suit for an accounting.

The other questions presented and the exceptions taken we have examined, but find no reason for interfering with the judgment, which should be affirmed, with costs. All concur.

◊ ══════════

(4 App. Div. 600.)

### ROCHESTER & K. F. LAND CO. v. RAYMOND.

(Supreme Court, Appellate Division, Fourth Department. April 18, 1896.)

CORPORATIONS—LIABILITY OF STOCKHOLDERS FOR ASSETS—TRANSFER.

In an action by a corporation to recover assessments on assessable stock issued by it to defendant, it appeared that after defendant had held the stock for more than a year, and paid all assessments that had been made up to that time, he sold it to one V., and transferred the certificates to him. V. surrendered the certificates to plaintiff, who accepted and canceled them, and issued new certificates to him. Afterwards assessments were made on the stock, which .V. failed to pay, and plaintiff obtained judgment against him therefor; but the judgment was afterwards satisfied by plaintiff, though it had not been paid. It did not appear that any representation had been made by defendant at the time of the transfer of stock as to V.'s responsibility, or as to the bona fides of the transfer. *Held*, that plaintiff, having accepted V. as stockholder in place of defendant, could not sue defendant at law for the assessments, and a verdict in such an action was properly directed for defendant. Hardin, P. J., and Adams, J., dissenting.

Action by the Rochester & Kettle Falls Land Company against William O. Raymond. A verdict was directed in favor of defendant at Monroe circuit, and plaintiff moves for a new trial, on exceptions ordered to be heard at general term in the first instance.

The action was brought to recover assessments upon assessable stock issued by the plaintiff. The plaintiff is a domestic corporation, incorporated pursuant to the provisions of the act of 1848, authorizing the formation of corporations for manufacturing, mining, mechanical, or chemical purposes, and of the several acts amending the same. In contemplation of the incorporation of the plaintiff in the month of August, 1890, the defendant and certain other persons, being desirous of forming a corporation for the purpose of purchasing and dealing in real estate, made an agreement whereby the capital stock of the proposed company should be $500,000, in shares of $100 each; $200,000 of said stock to be assessable, and the balance nonassessable. The purpose of the incorporation was to purchase from John W. Goss, of Spokane Falls, Wash., the town site and lands controlled by him at Kettle Falls, Wash., consisting of about 1,000 acres, and pay therefor the sum of $450,000; $30,000 to be paid in cash, and the balance to be paid in the stock of said company, secured by bond and mortgage on the property. In pursuance of said agreement, the defendant and certain other persons, being subscribers to the agreement, on the 22d day of November, 1890, did organize the plaintiff as such corporation, as specified and for the purposes aforesaid. The defendant subscribed for 20 shares of said assessable stock. One George Hannigan subscribed for 10 shares of the same. This was done in August or September, 1890. The defendant and Hannigan made the cash payment of 30 per cent., and the plaintiff also a further assessment of 7½ per cent., made prior to the transfer of the certificates of stock as hereinafter stated. Hannigan duly assigned his stock to one Fred W. Zoller, and surrendered his certificate to the plaintiff; and the plaintiff issued to said Zoller its certificate for 10 shares of its assessable stock, certifying that the said Zoller was the owner

of such 10 shares of its assessable stock. Zoller paid an assessment of 7½ per cent. on the par value of said 10 shares made by the plaintiff. After such payment, Zoller, by an indorsement in writing on such certificate so issued to him, duly sold, transferred, and assigned the said shares of stock to the defendant on the 27th day of February, 1892, for a consideration of five dollars; and the said certificate was surrendered to the plaintiff, and canceled, and the said 10 shares were, at the defendant's request, duly transferred on the books of the plaintiff to the defendant, and the plaintiff issued and delivered to the defendant its certificate of such 10 shares of its assessable stock, certifying that the defendant was the owner of the same, which was duly registered on the plaintiff's books. On the 4th of March, 1892, the defendant duly sold, assigned, transferred, and delivered to one Frank Van Every each and every of the certificates of stock mentioned above; and on the same day the said Van Every surrendered the said certificates of stock to the plaintiff, to be canceled by the plaintiff; and the plaintiff duly accepted and canceled the same, and thereafter, and on the said day, duly issued to the said Frank Van Every its proper certificates of stock, showing that the said Van Every was and should be, from and after the said 4th day of March, 1892, the owner and holder of all of said shares of stock. At that time all previous calls upon the stock had been fully paid in. Thereafter an assessment was made upon the said stock as against the said Van Every, and, upon his failure to pay such assessment, the plaintiff brought an action to recover the same in the municipal court of the city of Rochester (which court had jurisdiction of the subject-matter of the said action, and of the person of the said Van Every), and obtained a judgment for $439.65, which judgment was duly docketed in Monroe county. The last-mentioned action was commenced the latter part of October, 1893. Van Every received notices from the plaintiff after the assignment of the stock to him to attend its annual meeting, and notices of assessment upon the stock assigned to him. In September, 1894, the plaintiff, by a resolution of its trustees, directed that the president be directed to satisfy the said judgment against Van Every, which was done prior to the commencement of this action, although in fact nothing was paid by Van Every upon the judgment. At the time of the transfer of the stock to Van Every, the corporation was hopelessly insolvent, and its stock worthless. The consideration in fact paid by Van Every to the defendant for the stock assigned to him was three dollars. Van Every was irresponsible. It does not appear that any representations were made by the defendant at the time of the transfer of the stock to Van Every as to his responsibility, or as to the bona fides of the transfer of the stock from defendant to Van Every. The transfers of stock alluded to herein were made as prescribed by statute, and were a complete and perfect transfer upon the face thereof, and upon the books of the plaintiff; and the certificates that were surrendered upon the several assignments were marked "Canceled."

The following is a copy in blank of the certificates referred to:

"Incorporated under the Laws of the State of New York.

"Number, ——.                                        Shares, ——.

"Rochester & Kettle Falls Land Co., of Rochester, N. Y.

"Capital, $500,000.           5,000 shares.           $100 each.

"This certifies that —— is the owner of —— shares, $100 each, assessable in the capital stock of Rochester & Kettle Falls Land Co., of Rochester, N. Y. Transferable only in person or by attorney on the books of said company, on the surrender of this certificate, properly indorsed.

"Rochester, N. Y., ——, 1890.

"George W. Weaver, President.
"W. C. Waite, Secretary."

Indorsed across face: "Canceled. W. C. Waite, Secretary."

Indorsed on back: "For value received, —— hereby sell, transfer, and assign, unto ——, —— shares of stock within mentioned, and authorize —— to make the necessary transfer on the books of the company. Witness —— hand and seal, this —— day of —— 189–."

The plaintiff seeks to recover in this action two assessments (being 22½ per cent. on the par value of the stock),—one made in July, 1892, and the other in the fall of 1893; made upon the said 20 shares of stock originally held by

the defendant, and also upon the 10 shares of stock that were originally assigned to the defendant by Hannigan. The plaintiff now claims (though it is not set forth in the complaint) that the transfer of the stock to Van Every was fraudulent and void as against the plaintiff, as the transfers to Van Every were not made in good faith, and he being irresponsible, and the plaintiff not having discovered the fraud practiced upon it until after it had obtained the judgment against Van Every, which the plaintiff satisfied, and which it now seeks to repudiate.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

James G. Green, for plaintiff.
William A. Sutherland, for defendant.

WARD, J.   By section 40 of chapter 564 of the Laws of 1890, being the act known as the "Stock Corporation Law," the stock of every corporation "shall be deemed personal property, and shall be represented by a certificate prepared by the directors, and signed by the president and treasurer, and sealed with the seal of the corporation, and shall be transferable in the manner prescribed in this chapter and in the by-laws, but no share shall be transferable until all previous calls thereon shall have been fully paid in." By section 43 of the same act, "subscriptions to the capital stock of a corporation shall be paid at such times and in such installments as the board of directors may by resolution require." These sections are applicable to the case at bar.   It is the settled law of this state that a stockholder in such a corporation as the plaintiff has the right to transfer his certificate of stock to another if done in good faith; and if the certificate so surrendered is delivered to the corporation, and canceled by it, and a new certificate issued to the transferee by the corporation, that the corporation thereby surrenders all claim upon the original stockholder, and accepts the transferee in his place.   Isham v. Buckingham, 49 N. Y. 216; Billings v. Robinson, 28 Hun, 122; Id., in court of appeals, 94 N. Y. 415; Rice v. Rockfeller, 134 N. Y. 174, 31 N. E. 907.   It is equally well settled that, although the provisions of the statute have been literally complied with, the transfer made by the defendant will not be available to him as against the stockholders and creditors of the company, to pay the balance due on the shares which he held, unless the transaction was an honest one, entered into in entire good faith, with the intent and purpose of disposing of his entire interest in the shares, and surrendering all dominion over them.   Billings v. Robinson, 28 Hun, 128, and cases cited, to which may be added Nathan v. Whitlock, 9 Paige, 152; Bank v. Case, 99 U. S. 632, and cases cited; Bowden v. Johnson, 107 U. S. 251, 2 Sup. Ct. 246.

This is an action at law, brought by the corporation, and in no sense is it an action to impose any statutory obligation which the defendant may be under to a creditor of the company by reason of the provisions of the statute placing stockholders under a direct legal obligation to pay their debts against the corporation.   Billings v. Robinson, supra.

It is strongly urged by the plaintiff upon this review that the fact that Van Every paid but a nominal consideration for the stock,

under the circumstances detailed in the evidence, coupled with the fact that he was not responsible pecuniarily, was such evidence of fraud in the transfer as would justify the plaintiff's recovery in this action, if the transaction were found fraudulent by the jury; and the plaintiff's exception to the direction of a verdict for the defendant by the trial court brings the matter before us, and the only question we deem necessary to consider here is whether, from the nature of this action and upon the proof in this case, that position is tenable. The facts before the trial court and jury were substantially uncontradicted, and as appear in the foregoing statement of the case. If the transfer were fraudulent as against the plaintiff, like any other fraudulent transaction, the plaintiff could ratify and adopt it, waiving the fraud, and standing upon the contract. The plaintiff received and canceled the original certificates of stock, which it seeks to charge this defendant upon, and still retains it. It accepted Van Every as its stockholder in the place of the defendant, proceeded against him to collect assessments, prosecuted him in a court of justice, and recovered a judgment, which last event occurred a year and eight months after the plaintiff had been advised of the transfer to Van Every, and after ample opportunity had occurred for the plaintiff to ascertain the bona fides of the transfer and the responsibility of Van Every; and it sought to enforce its judgment, and, a year later, satisfied it, and attempted to rescind the transaction in which it had been engaged with Van Every and the defendant in the transfer of the stock, and brought this action at law, without returning or offering to return what it had received as the fruit of the transaction. This is not an equitable action to rescind the contract. This is not a proceeding in which the rights of creditors are directly involved, as in the cases cited in opposition to the view here taken; and we do not discover upon what principle the defendant's contention can rest. It is true that, upon the trial, the secretary of the plaintiff testified that they had no knowledge of the insolvency of Van Every until after supplementary proceedings had been taken upon the judgment against him. It was not claimed that there were any representations as to the responsibility of Van Every made at the time of the transfer of the stock, or that the plaintiff or its officers were induced in any manner to consent to such transfer by any statements as to the responsibility of Van Every, or as to the bona fides of the transaction. The evidence shows that the defendant was at a restaurant where Van Every was a waiter, about the time of the transfer, and a conversation arose as to this stock. One person offered the defendant a couple of dollars. Van Every, standing by, offered three dollars, which the plaintiff accepted, and the money was paid by Van Every to the defendant. The defendant indorsed his certificates to Van Every, and desired the new ones issued to him. The plaintiff's secretary required a receipt from Van Every of the certificates of stock which he received before delivering them to Van Every. Here was an opportunity for the secretary to have investigated the circumstances of the transfer, and as to the insolvency of the transferee, if he had any interest in doing so. This was not done.

The plaintiff seeks to recover upon assessments of 10 shares of stock that Zoller transferred to this defendant, and claims that the defendant is liable as transferee upon the contract implied by his becoming owner of the shares not fully paid up (citing Glenn v. Garth, 133 N. Y. 18, 42, 30 N. E. 649, and 31 N. E. 344, and Webster v. Upton, 91 U. S. 65); and yet the defendant paid but five dollars as the consideration of the transfer to him of that stock. The stock being worthless, substantially, the fact that but a slight consideration was paid for it by Van Every is of but little moment in determining the bona fides of the transaction. It is no concern of the plaintiff how much or how little Van Every paid for this stock if the transfer was in good faith and absolute. There is nothing in the evidence but what the transfer was absolute as it appeared upon its face. Whatever might be done to relieve the plaintiff, in a proper action to rescind the whole transaction in behalf of creditors and shareholders who claim to have suffered loss by reason of the defendant substituting an irresponsible stockholder for a responsible one, making all persons interested parties to the action, and offering to restore what it had received in the transaction, need not be considered here. This action is simply upon the liability created or implied by or against the defendant by reason of his subscription to the 20 shares of the assessable stock, and by reason of his becoming the transferee of the 10 shares of stock originally issued to Hannigan; and the plaintiff being met with the transfers of stock which relieve the defendant, so far as this action goes, of any liability, and places it upon another, it necessarily follows that the action of the trial court directing a verdict for the defendant should be sustained, and that judgment for the defendant should be ordered upon the verdict, with costs against the plaintiff and in favor of the defendant.

FOLLETT and GREEN, JJ., concur.

HARDIN, P. J. (dissenting). Inasmuch as the trial court directed a verdict in favor of the defendant, "the plaintiff is entitled to the most favorable inferences deducible from the evidence, and all contesting facts are to be deemed established in his favor." Rehberg v. Mayor, etc., 91 N. Y. 141; Bond v. Railroad Co., 69 Hun, 476, 23 N. Y. Supp. 450.

Upon all the evidence presented at the trial, a question of fact arose as to whether the transfer by the defendant of the shares of stock was made by him in good faith. If the transfer was made in good faith, and without fraudulent intent, his liability by reason of having held the 10 shares of stock may have been discharged. As the case was situated, the burden was upon the defendant to establish that the transfer was in good faith. In Cutting v. Damerel, 88 N. Y. 411, relied upon by the defendant, the court reached the conclusion that the transfer was made in good faith, and therefore a recovery was not allowed. In the case of Tucker v. Gilman, 121 N. Y. 189, 24 N. E. 302, it was said that stockholders may divest themselves of the liabilities incident to their relation to the corporation

"when they have actually and in good faith transferred their stock in the manner provided by law." In that case it was held error to reject evidence tending to show that a transfer had been made of the stock in good faith. In Billings v. Robinson, 28 Hun, 122, it was held that the stockholder would be liable "unless it appears that he sold the stock in good faith, and with the intent and purpose of disposing of his entire interest in the shares, and surrendering all dominion over them." The prevailing opinion in that case discusses the facts and reaches the conclusion that the sale in that case was in good faith. Barker, J., who delivered the prevailing opinion, expressly disavows any intent "to infringe upon the general legal proposition that it is essential for the seller of shares to make the same available, and to exempt himself from liability to pay future calls, and the sale should be absolute in terms, and, in fact, without any right, in law or equity, remaining in the transferror to demand a return of the shares from the transferee, and thus to share in the future prosperity of the corporation."

2. In August, 1890, the defendant executed an agreement wherein he subscribed for 20 shares of the assessable stock of the proposed company. The agreement subscribed by him contained the following language:

"We, the undersigned, hereby agree to form a company, to be duly incorporated under the laws of the state of New York, for the purpose of purchasing and dealing in real estate; * * * and that we hereby subscribe for the number of shares of the assessable stock of the said proposed company set opposite our respective names. * * * To meet the first payment on purchase price of property, and for necessary expenses and improvements, we hereby agree to pay thirty per cent. on the amount of the assessable stock subscribed for by us. * * *"

Subsequent to the agreement so subscribed, and in September, 1890, the defendant and other subscribers organized the plaintiff as a corporation under the manufacturing statute of 1848, and the acts amending the same. The defendant became a director in September, 1891, and was a member of the finance committee of the board, and attended numerous meetings and conferences had in respect to the affairs of the company prior to March 4, 1892, the time of the alleged transfer of his shares of stock. At some of the meetings, the question of making assessments upon the assessable stock, and other questions relating to the financial condition and policy of the plaintiff, were discussed. Defendant's transfer to Van Every was of the 10 shares before mentioned, as well as the 20 shares, and, at the same time, 2 shares that stood in the name of his son. The son took the shares to the office, and had them transferred on the books to Van Every. There is some conflict in the evidence as to some of the circumstances attending the transfer to Van Every, who was a waiter in a restaurant where the defendant took his dinner; and the evidence indicates that Van Every never had any property, and that the transfer to him was for a small sum. Van Every only kept the stock some two weeks, when he called upon the defendant, who told him that he had found a purchaser; and Van Every was introduced to the supposed purchaser, and offered to sell the stock for five dollars, and apparently, upon receiving the five dollars, as-

signed the stock, and delivered the certificates as evidence of it, although no actual transfer seems to have taken place upon the books of the company. Defendant relied upon the alleged transfer to Van Every as a defense to both claims made by the plaintiff; and, in considering whether that position was maintainable or not, it was important, at the trial, to have the fact determined that the transfer was bona fide, and that question, upon the evidence presented in this case, was one of fact, which should have been submitted to the jury. At the close of the evidence, a motion was made by the defendant that a verdict be directed in his favor; and the motion was granted, and an exception was taken. Thereupon it was ordered that the exceptions taken by the plaintiff upon the trial be heard in an appellate court in the first instance.

The foregoing views lead to the conclusion that the exceptions should be sustained, and the verdict set aside, and a new trial ordered, with costs to abide the event.

ADAMS, J., concurs.